UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: APR 14 2015

JOHN SACCHI, an individual, on behalf of himself and all others similarly situated,

       Plaintiff,

-v-

VERIZON ONLINE LLC and DOES 1 through 100, inclusive,

       Defendants.

No. 14-CV-423 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

  Plaintiff John Sacchi moves this Court to reconsider its February 23, 2015 Opinion and Order (the "February Order") granting Defendant Verizon Online LLC's ("Verizon") motion to stay and compel arbitration. In the alternative, Plaintiff requests that this Court certify an interlocutory appeal of the February Order pursuant to 28 U.S.C. § 1292(b).[1] Familiarity with the facts and with the February Order is assumed. For the reasons that follow, Plaintiff's motion to reconsider and request to seek interlocutory appeal are denied.

### I. Motion to Reconsider

  Local Civil Rule 6.3 allows a party to move for reconsideration as to "matters or controlling decisions which counsel believes the Court has overlooked." U.S. Dist. Ct. Rules S. & E.D.N.Y.,

---

[1] Plaintiff did not raise the issue of interlocutory appeal in his initial motion papers nor separately move for such relief. Instead, he raised it for the first time in his reply brief. "Generally, a court '[does] not consider issues raised in a reply brief for the first time because if a [party] raises a new argument in a reply brief [the opposing party] may not have an adequate opportunity to respond to it.'" *Evergreen Nat. Indem. Co. v. Capstone Bldg. Corp.*, No. CIV.A. 3-07-CV-1189 (JCH), 2008 WL 926520, at *2 (D. Conn. Mar. 31, 2008) (quoting *U.S. v. Pepin,* 514 F.3d 193, 203 n.13 (2d Cir.2008) (alterations in original). However, since Verizon was afforded the opportunity to file a sur-reply in response to Plaintiff's new argument, the Court will consider Plaintiff's request for interlocutory appeal as an alternative to his motion for reconsideration. *See Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co.*, 611 F. Supp. 2d 373, 375 (S.D.N.Y. 2009) *aff'd*, 374 F. App'x 71 (2d Cir. 2010) ("the Second Circuit has made it abundantly clear that a district court has *discretion* to consider a belatedly-raised argument").

Civ. R. 6.3. Reconsideration of a court's prior order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Ferring B.V. v. Allergan, Inc.*, No. 12-CV-2650 (RWS), 2013 WL 4082930, at *1 (S.D.N.Y. Aug. 7, 2013) (quoting *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012)). Accordingly, the "standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A party seeking reconsideration may neither repeat 'arguments already briefed, considered and decided,' nor 'advance new facts, issues or arguments not previously presented to the Court.'" *Ferring B.V.*, 2013 WL 4082930 at *1 (quoting *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)). A motion to reconsider "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Schrader*, 70 F.3d at 257.

Plaintiff fails to identify any "controlling decisions" which the Court "overlooked" and instead reprises arguments previously made and addressed by the Court, seeking simply to relitigate the same issues. His motion to reconsider therefore fails.

Plaintiff first argues that this Court misread *Coiro v. Wachovia Bank, N.A.*, No. CIV. 11-3587, 2012 WL 628514 (D.N.J. Feb. 27, 2012). In so doing, Plaintiff raises the very same argument he raised in his initial opposition to Verizon's motion, which has already been "briefed, considered and decided." *Ferring B.V.*, 2013 WL 4082930 at *1. Relatedly, Plaintiff also cites to *Discover Bank v. Shea*, 362 N.J. Super. 200 (Ch. Div. 2001), which he did not cite in his initial briefing but which the Court already explicitly addressed in the February Opinion. *See Sacchi v. Verizon Online LLC*, No. 14-CV-423 (RA), 2015 WL 765940, at *7, *7 n.9.

Plaintiff also argues that the Court gave undue weight to *Mayer v. Verizon New Jersey, Inc.*, which Plaintiff contends is distinguishable from the instant case. *See* Order, *Mayer v. Verizon New Jersey, Inc.*, No. 13-3980-FSH (D.N.J. May 6, 2014), ECF No. 31. Again, however, the Court already addressed this precise issue in its February Order. *See Sacchi*, 2015 WL 765940 at *7 n.8. Plaintiff's additional citation to *Cohen v. Chase Bank, N.A.*, 679 F. Supp. 2d 582, 592 n.10 (D.N.J. 2010) not only fails to advance his argument—the footnote cited merely quotes a Delaware statute—but this is yet another case that Plaintiff never mentioned in his initial briefing and which in any event this Court addressed in its February Order. *See Sacchi*, 2015 WL 765940, at *7 n.9. Moreover, not only were none of these cases "overlooked," none constitute "controlling" authority.

Plaintiff makes one final argument, contending that the February Order will have an adverse impact on "consumers throughout New Jersey." Pl.'s Mem. at 5. True or not, disagreement with an opinion's outcome is not grounds for reconsideration. *See R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 512 (S.D.N.Y. 2009) ("A party's fundamental disagreement with a court's legal analysis and conclusions as to a matter fully considered does not serve as sufficient ground to warrant reconsideration of the court's decision.")

Plaintiff's motion for reconsideration is thus denied.

## II. Interlocutory Appeal

In the alternative, Plaintiff requests that this Court revise the February Order to permit an immediate appeal pursuant to 28 U.S.C. § 1292(b). This request is also denied.

An appeal from an interlocutory order staying an action and directing the parties to arbitration may not be taken except as provided under 28 U.S.C. § 1292(b). 9 U.S.C. § 16(b). "Section 1292(b) provides for certification of an order for interlocutory appeal when the court determines:

'(1) that such order involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) that an immediate appeal from [that] order may materially advance the ultimate termination of the litigation.'" *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529 (S.D.N.Y. 2014) (quoting 28 U.S.C. § 1292(b)) (alteration in original). "The proponents of an interlocutory appeal have the burden of showing that all three of the substantive criteria are met." *Id.* "Interlocutory appeals are presumptively disfavored," *Garber v. Office of the Comm'r of Baseball*, No. 12-CV-3704 (SAS), 2014 WL 4716068, at *1 (S.D.N.Y. Sept. 22, 2014), and section 1292(b) is to be "strictly limited" because "only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Facebook*, 986 F. Supp. 2d at 529-30 (quoting *McNeil v. Aguilos*, 820 F. Supp. 77, 79 (S.D.N.Y. 1993)) (alteration in original). "[E]ven when the elements of section 1292(b) are satisfied, the district court retains unfettered discretion to deny certification." *Garber*, 2014 WL 4716068, at *1 (internal quotation marks omitted).

Plaintiff recites the three statutory criteria of section 1292(b) but fails to even attempt to address how the February Order satisfies those criteria. There is no specification as to what the "controlling question of law" relevant to this case is, how "there is substantial ground for difference of opinion" regarding that question of law, or how an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Plaintiff instead merely states that the Supreme Court's recent grant of certiorari in *DirecTV, Inc. v. Imburgia*, No. 14-462, 2015 WL 1280237 (U.S. Mar. 23, 2015), "showcases the continuing efforts by both federal and state courts to fully implement" *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), and thus this area of law "remains highly volatile and of vast significance . . . ." Reply at 2. This is insufficient to warrant an immediate appeal in this case.

4

*Imburgia*, a case appealed from a California Court of Appeal decision, involves the interpretation of a specific arbitration clause in light of the Supreme Court's *Concepcion* decision. *See Imburgia v. DirecTV, Inc.*, 170 Cal. Rptr. 3d 190 (Cal. Ct. App. 2014). The arbitration clause in that case provides for a class waiver, but also states that "[i]f . . . the law of your state would find this agreement to dispense with class arbitration procedures unenforceable, then this entire [arbitration agreement] is unenforceable." *Id.* at 193. The California Court of Appeal held that, pursuant to this contract language, because class action waiver is unenforceable under California law, the entire arbitration agreement was unenforceable. *Id.* at 198. In so holding, the court found that the contract language precluded consideration of the preemptive effect of the Federal Arbitration Act (the "FAA"), which, under *Concepcion*, would override state laws prohibiting class action waivers and render such provisions enforceable. *Id.* at 195-96. The Ninth Circuit Court of Appeals, in a separate case interpreting the same contract language, came to the opposite conclusion, holding that because the FAA, "which under *Concepcion* requires the enforcement of arbitration agreements that ban class procedures, *is* the law of California and every other state," the "law of your state" language "*already* incorporates" the preemptive effect of the FAA. *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1226, 1228 (9th Cir. 2013). Thus, the court concluded, because class waivers are enforceable under *Concepcion*, the arbitration agreement at issue in that particular contract was enforceable. *Id.* at 1228.

As the petition for a writ of certiorari states, the question presented to the Supreme Court is "[w]hether the California Court of Appeal erred by holding, in direct conflict with the Ninth Circuit, that a reference to state law in an arbitration agreement governed by the [FAA] requires the application of state law preempted by the [FAA]." Pet. for Writ of Cert., *Imburgia*, No. 14-462, 2014 WL 5359805, at *i; *see also* Br. in Opp. to Pet. for Writ of Cert., *Imburgia*, No. 14-462,

5

2015 WL 455815, at *i (stating the question presented as "[w]hether the Court of Appeal erred in finding that the parties could select state law to the exclusion of federal law to determine the enforceability of a class action waiver"). Plaintiff here does not suggest how this question relates to the instant case. Neither party ever raised this contract interpretation issue on Verizon's initial motion to compel, nor did the Court base its decision on any consideration of such an issue. Indeed, the arbitration clause at issue here makes no reference to state law whatsoever. The most analogous clause in the Amended Agreement provides that "[i]f for some reason the prohibition on class arbitrations . . . cannot be enforced, then the agreement to arbitrate will not apply." Amended Agreement § 18.7. The agreement otherwise plainly provides that "[t]he Federal Arbitration Act applies to this agreement." *Id.* at § 18.1. In *Imburgia*, the California Court of Appeal found that an agreement with nearly identical language to that at issue here was "readily distinguishable" from the agreement at issue there because it did not "involve[] an arbitration agreement that specifically provides that the enforceability of the class action waiver is to be decided under state law." *Imburgia*, 170 Cal. Rptr. 3d at 196 (distinguishing *Litman v. Cellco P'ship*, 655 F.3d 225, 231 n.8 (3d Cir. 2011)). For the same reason, it is difficult to see how the Supreme Court's decision in *Imburgia* would affect the outcome of the instant case, much less how it involves a question of law that would be "controlling" here. 28 U.S.C. § 1292(b). Indeed, Plaintiff himself recognizes that "any decision rendered by the United States Supreme Court in *DirecTV Inc. v. Imburgia* may not directly impact the dispositive issues here . . . ." Reply at 2.

It is also unclear why permitting immediate appeal here would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Plaintiff does not address this statutory element in any way, though the implication raised in his reply brief is that the Supreme Court's decision in *Imburgia*—which will not be heard until the Court's next term commencing in October,

Reply at 2 n.1—may somehow overturn the February Order and "obviate[]" arbitration. Reply at 2. This is simply insufficient. *See, e.g., In re Goldman Sachs Grp., Inc. Sec. Litig.*, No. 10-CV-3461 (PAC), 2014 WL 5002090, at *2 (S.D.N.Y. Oct. 7, 2014) ("the mere possibility that a reversal of the Court's order would end the case is insufficient to meet this third element. . . . This one-sided argument fails to take into account the (just as likely) possibility that certification will delay the action further."); *Murray v. UBS Sec., LLC*, No. 12-CV-5914 (KPF), 2014 WL 1316472, at *7 (S.D.N.Y. Apr. 1, 2014) ("it is safe to assume that the appeal process will take longer than the arbitration, thereby extending the time in which a final decision on the merits is rendered").

Furthermore, allowing certification of the February Order "would be inconsistent with the national policy favoring arbitration, and the Second Circuit's distaste for delaying the arbitral process through appellate review." *Murray*, 2014 WL 1316472, at *8 (internal quotation marks and citations omitted). "This, too, militates in favor of denying Plaintiff's motion." *Id.*; *see also, e.g., Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d 393, 398 (E.D.N.Y. 2003) (denying motion for interlocutory appeal, noting that "the Second Circuit observed in *Salim Oleochemicals v. M/V Shropshire*, 278 F.3d 90, 93 (2d Cir. 2002), [that] an important policy consideration is the 'pro-arbitration tilt' of . . . the [FAA] . . . [and that] [u]nnecessary delay of the arbitral process through appellate review is disfavored" (internal quotation marks omitted)).

Plaintiff's request for interlocutory appeal is thus denied.[2]

---

[2] In his reply brief, Plaintiff also reprises his arguments regarding the factual distinctions between this case and *Mayer*, as well as his contention that the February Order will result in "enormous" adverse effects. Reply at 2, 3. It is unclear if these contentions are meant to bolster his arguments for reconsideration or interlocutory appeal. If the former, those arguments fail for the reasons discussed above. If the latter, nowhere does Plaintiff articulate how these points of disagreement with the February Order meet the three elements of section 1292(b). Having failed to even attempt to meet his burden under the statute, and given the "presumptive[] disfavor[]" of interlocutory appeals, *Garber*, 2014 WL 4716068, at *1, particularly in the context of the "national policy favoring arbitration," *Murray*, 2014 WL 1316472, at *8, as well as the Court's "unfettered discretion to deny certification," *Garber*, 2014 WL 4716068, at *1, Plaintiff's request for interlocutory appeal is thus denied on these grounds, as well.

7

## CONCLUSION

Plaintiff's motion for reconsideration and request for interlocutory appeal are denied.

The Clerk of Court is respectfully requested to close the motion pending at Docket No. 26.

SO ORDERED.

Dated:   April 14, 2015
         New York, New York

_____
Ronnie Abrams
United States District Judge